Filed 12/16/20  P. v. Garcia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075068 |
| v. | (Super.Ct.No. FSB056399) |
| ANDRES LANDEROS GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Andres Landeros Garcia, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the trial court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potentially arguable issue: whether the trial court erred in denying defendant's petition after reviewing the record of conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A group of three friends left a club in a vehicle, which was part of a caravan. After the driver of the vehicle began making gang signs, a Hummer and black Ford F-150 truck pulled alongside the vehicle: "Shots were fired at the [vehicle] from both the Hummer and the truck." (*People v. Garcia* (Sept. 2, 2010, E048866) [nonpub. opn.] (*Garcia I*).) "The passenger side of the [vehicle] was riddled with bullet holes and the windows were shattered. Nine millimeter shell casings were retrieved from the roadway. [The murder victim] had suffered a fatal gunshot wound to the torso and died at the scene." (*Ibid.*)

A security guard at the club, who was also a member of the caravan in another car, had seen defendant drive away from the club in a "dark-colored Hummer," which was similar to the one he saw during the incident. (*Garcia I*, *supra*, E048866.) One of the other members of the caravan told police that defendant was in a Hummer with several

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

other men "who whistled at them as they entered the club that evening." (*Ibid*.) She identified defendant from a photograph. (*Ibid*.)

Several weeks after the shooting, the Hummer was found abandoned. "A fingerprint which matched defendant's right index finger was found on the left side of the interior sunroof panel." (*Garcia I*, *supra*, E048866.) Defendant's brother, who had pled guilty to assault with a deadly weapon and admitted to the personal use of a firearm with respect to the incident, was repeatedly called to testify but remained silent; the trial court instructed the jury it could infer from defendant's brother's refusal to testify that he was protecting defendant. (*Ibid*.)

The trial court instructed the jury that defendant had been prosecuted "under several theories." (CALCRIM No. 548.) The court further instructed the jury that it could find defendant guilty of first degree murder under one of two theories: (1) the murder was willful, deliberate, and premeditated; and/or (2) the murder was committed by shooting a firearm from a motor vehicle. (CALCRIM No. 521.) Under the latter theory, the court instructed the jury it would have to find, in part, that defendant intended to kill the victim. The court also instructed the jury with felony murder, as the theory under which it could find defendant guilty of second degree murder. (CALCRIM No. 541A.)

The jury found defendant (1) guilty of first degree murder (§ 187, subd. (a), count 1) and found true an allegation that defendant had personally used and discharged a firearm causing death (§ 12022.53, subd. (d)); guilty of the willful, deliberate, and premeditated attempted murder of a second victim (§ 664, 187, subd. (a), count 2) and

3

found true an allegation that defendant personally used a firearm (§ 12022.53, subd. (b));
and (3) guilty of assault with a firearm on a third victim (§ 245, subd. (a)(2), count 3) and
found true an allegation that defendant used a firearm causing the offense to become a
serious felony (§ 12022.5, subd. (a)).

On April 8, 2019, defendant filed a petition for resentencing pursuant to
section 1170.95. On June 6, 2019, the People filed a motion to strike defendant's
petition; the People additionally requested the court take judicial notice of this court's
nonpublished opinion is *Garcia I*, *supra*, E048866, and the trial record. On the same
date, the People filed an informal response, again asking the court to take judicial notice
of this court's prior opinion and the trial record.

At the hearing on defendant's petition on January 17, 2020, the trial court
exposited its reasoning for its ruling on the petition: "The Court has reviewed the record,
the court file in the case. I was the trial judge. Actually both attorneys were the trial
attorneys, so we're all fairly well acquainted with the facts of the case; however, in
reviewing just the paper record, I have reviewed the jury instructions, the jury verdict, in
the case and the Court of Appeal opinion. I feel that I can make a decision on the prima
facie issue based on review of the file, taking judicial notice of it."

The trial court continued, noting defendant "was convicted of a first degree
murder . . . . The jury found true that the defendant had personally and intentionally
discharged a firearm which proximately caused her death. The jury did find the
defendant was the actual killer of the victim. Two theories of first degree murder were
presented to the jury in this case; one that the murder was willful, deliberate and

4

premediated; and two that the murder was committed while discharging a firearm from a motor vehicle."

The trial court ruled: "No matter which theory the jury relied on the defendant is ineligible for relief under . . . [section] 1170.95. If tried today, he would still be subject to a first degree murder conviction under both those theories pursuant to . . . Section 189[, subdivision] (a). The petition, therefore, fails to state a prima facie case for relief, and the petition is denied with prejudice."

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We recognize that the court in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, recently held "that *Wende's* constitutional underpinnings do not apply to appeals from the denial of postconviction relief . . . ." (*Cole*, at p. 1028.) Nonetheless, pursuant to its supervisory authority, *Cole* determined to employ a quasi-*Wende* review to postjudgment cases, giving the defendant the right to file a supplemental brief when defense counsel files a *Wende* brief. The court would then dismiss the case if the defendant failed to file a supplemental brief or would address the issues raised if defendant did file a supplemental brief. (*Cole*, at p. 1028.)

Pursuant to the same supervisory authority, we elect to conduct a traditional *Wende* review in criminal appeals from the denial or dismissal of postconviction avenues of relief. We agree with the recent decision in *People v. Flores* (2020) 54 Cal.App.5th 266, "that when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently

5

review the entire record, but the court can and should do so in the interests of justice." (*Flores*, at p. 269; accord *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].)  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The order denying defendant's petition for resentencing pursuant to Penal Code section 1170.95 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

6